IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TANA SHIVELY, individually and as personal representative of the Estate of Owen Daniel Shively,<br><br>Plaintiff,<br><br>v.<br><br>CANYON CREEK MEMORY CARE COMMUNITY, LLC,<br><br>Defendant. | Case No. CV-20-120-BLG-SPW<br><br>**ORDER** |

This matter comes before the Court on Plaintiff Tana Shively's Motion to Determine that a Resident's File is Subject to Compulsory Process, filed 12/1/2020. (Doc. 14). Defendant Canyon Creek Memory Care Community, LLC responded to the motion on 12/15/2020. (Doc. 17). Plaintiff filed her reply on 1/5/2021. (Doc. 18).

On December 17, 2018, Dan Shively, while a resident at Defendant's facility, was assaulted by another resident, Jeff Dowd. The assault resulted in a fatal head injury. Plaintiff is seeking the medical and residential records of Mr.

1

Dowd from Defendant's facility. Plaintiff believes this file may contain information pertaining to Mr. Dowd's history of aggression towards other residents or staff, Defendant's assessment of the danger Mr. Dowd posed to others in the facility, and Mr. Dowd's history of aggressive behavior before arriving at Defendant's facility. Although medical and residential records are normally protected under HIPPA and Montana law, Plaintiff argues her interest in seeking a remedy for personal injuries or death wrongfully caused by another represents a compelling state interest that outweighs Mr. Dowd's privacy rights.

Defendant disagrees that Plaintiff has demonstrated a compelling state interest sufficient enough to outweigh Mr. Dowd's privacy interests. Defendant also argues that Plaintiff's request is overbroad in that it seeks information in the file occurring after the date of the incident. However, to expedite discovery, Defendant provided Mr. Dowd's conservator, his brother Fred Dowd, with a consent form and a stipulated protective order limiting the disclosure of the file to the present proceedings. It is Defendant's hope that the conservator will consent to the release of the file, but no consent has yet been provided.

Plaintiff agrees to limit her discovery request to information in the file pertaining up to and on the day of the accident, December 17, 2018. Plaintiff further agrees to the stipulated protective order. However, Plaintiff does not

believe the conservator's consent is necessary to release the file because Plaintiff has demonstrated a compelling state interest in the administration of justice.

For the sake of conserving judicial resources,

IT IS HEREBY ORDERED that Defendant shall have two weeks, as of the date of this Order, to obtain the conservator's consent to the file release or his refusal. Defendant shall file a status report informing the Court of the conservator's decision immediately after the allotted time has expired.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 14th day of January, 2021.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Court Judge