IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TANA SHIVELY, as personal representative of the Estate of Owen Daniel Shively,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CANYON CREEK MEMORY CARE COMMUNITY, LLC,<br><br>　　　　Defendant. | Case No. CV-20-120-BLG-SPW<br><br>**ORDER** |

　　　　This matter comes before the Court on Defendant Canyon Creek Memory Care Community, LLC's ("Canyon Creek") Motion to Quash Subpoena or for Protective Order, filed June 14, 2021. (Doc. 26). Plaintiff Tana Shively was required to file a response to the motion within fourteen days if she wished to oppose it. D. Mont. L.R. 7.1(d)(1)(B)(ii). No response was filed. As a result, Defendant's Motion to Quash or for a Protective Order is deemed well-taken.

　　　　Even if the Court were to overlook Plaintiff's failure to file a response, Defendant's motion is well-taken on the merits. Plaintiff served a subpoena duces tecum on the Montana Department of Health and Human Services seeking "[a]ll records of any kind of reports of abuse, neglect and exploitation made by

1

telephone, cell phone, in writing or sent electronically by Canyon Creek Memory Care Community" from June 1, 2016 to June 1, 2021. (Doc. 27 at 2). Plaintiff's Complaint concerns a wrongful death claim against Canyon Creek arising from an incident on December 17, 2018 when Dan Shively, a resident of Canyon Creek, was assaulted by Fred Dowd, another resident of Canyon Creek. (Doc. 1 at 2). Mr. Dowd had been a resident at Canyon Creek since September 26, 2018 and Mr. Shively became a resident on December 13, 2018. (Doc. 27 at 2). Plaintiff alleges that Canyon Creek had a duty to provide a safe living environment for its residents and that the Defendant failed in this duty by improperly supervising Dan Shively, improperly assessing the risks to Dan Shively, failing to have Dan Shively eat in the appropriate dining facility, and failing to properly staff the facility. (Doc. 1 at 2). Canyon Creek argues that the part of the subpoena "that seeks information [on residents other than Mr. Shively and Mr. Dowd] before or after the period from September 26, 2018 to December 17, 2018 must be quashed . . . because it requires disclosure of privileged or other protected matter and because such information is not relevant." (Doc. 27 at 2).

The Court agrees and finds that the subpoena seeks private information on Canyon Creek residents unassociated with the present case. Plaintiff's claims solely reference Canyon Creek's duty towards Dan Shively. The Court fails to see how obtaining information on residents other than Mr. Shively or Mr. Dowd is

2

relevant to the Plaintiff's case. Further, by seeking information from 2016 to 2021, the subpoena is overbroad in its reach as information on resident care from 2016 is irrelevant to the levels of staffing Canyon Creek employed the night of December 17, 2018. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999). Therefore, the Court finds the subpoena seeking information on abuse or neglect reports in Canyon Creek from June 1, 2016 to June 1, 2021, excluding such information on Mr. Shively and Mr. Dowd, to be overbroad and irrelevant and must be quashed. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv).

IT IS HEREBY ORDERED that Defendant Canyon Creek Memory Care Community, LLC's Motion to Quash Subpoena (Doc. 26) is GRANTED.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 19th day of July, 2021.

_____
SUSAN P. WATTERS
United States District Court Judge