IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TANA SHIVELY, individually and as personal representative of the Estate of Owen Daniel Shively,<br><br>Plaintiff,<br><br>vs.<br><br>CANYON CREEK MEMORY CARE COMMUNITY, LLC,<br><br>Defendant. | CV 20-120-BLG-SPW<br><br>ORDER RE MOTION FOR NEW TRIAL |

Before the Court is Plaintiff Tana Shively's Motion for a New Trial on the Issue of Damages Only, filed February 15, 2022. (Doc. 107). Defendant Canyon Creek Memory Care Community, LLC ("Canyon Creek") responded to the Motion on March 1, 2022. (Doc. 113). Plaintiff filed a reply on March 3, 2022. (Doc. 115). The Motion is deemed ripe and ready for adjudication. For the following reasons, the Court denies Plaintiff's Motion.

I.  **RELEVANT BACKGROUND**

On January 28, 2022, a jury returned a verdict in favor of Plaintiff against Defendant and awarded Plaintiff $310,000 in damages. The jury was then discharged. However, shortly after the jury was discharged, a member of the jury

1

made comments to the Court that suggested the jury arrived at the damages award via a quotient verdict.

On February 1, 2022, the Court held a zoom hearing with both parties and informed them of the jury member's comments regarding the jury's alleged improper use of the quotient verdict. Plaintiff now moves for a new trial via Federal Rule of Civil Procedure 59 on the issue of damages.

## II. LEGAL STANDARD

"The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1)(A). "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). The Ninth Circuit has declared that a district court may grant a new trial under Rule 59 "only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n. 15 (9th Cir. 2000).

## III. DISCUSSION

This motion presents an interesting intersection of federal and state law. Plaintiff bases her motion for a new trial on her argument that the jury's use of the quotient verdict method to arrive at the sum of damages awarded represented juror misconduct. For support, she cites to Montana Code Annotated § 25-11-102 which states:

> The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of the party . . . misconduct of the jury. Whenever any one or more of the jurors have been induced to assent to any general or special verdict or to a finding on any question submitted to them by the court by a resort to the determination of chance, the misconduct may be proved by the affidavit of any one of the jurors.

Mont. Code Ann. § 25-11-102(2). Neither party contests that the jury's use of the quotient verdict method was improper and possibly grounds for a new trial. Instead, the issue lies in what evidence is admissible for Plaintiff to demonstrate her claim.

Noted above, Montana law allows parties to demonstrate juror misconduct through juror affidavits regarding what transpired during jury deliberation. Mont. Code Ann. § 25-11-102(2). Federal law, on the other hand, prohibits the use of juror affidavits or testimony to demonstrate misconduct during the deliberation process subject to certain exceptions not applicable here. *See* Fed. R. Evid. 606(b)(1); *McDonald v. Pless*, 238 U.S. 264, 269 (1915).

Plaintiff argues that the Court must apply state law to the present motion under the *Erie* Doctrine. "Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State." *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Thus, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Whether a law is substantive or procedural turns on whether application of the law would be outcome determinative or, in other words, would "have so important an effect upon the fortunes of one or both of the litigants that failure to [apply] it would [unfairly discriminate against citizens of the forum State, or] be likely to cause a plaintiff to choose the federal court." *Id.*, at 428 (citation omitted). Plaintiff believes that application of Mont. Code Ann. § 25-11-102 instead of Fed. R. Evid. 606 would be outcome determinative in this matter and, therefore, the State law should apply.[1]

The fault with Plaintiff's argument is that it ignores the first hurdle of the *Erie* Doctrine: "Except in matters governed by the Federal Constitution or by *Acts*

---

[1] For support, Plaintiff cites the *Gasperini* case in which the U.S. Supreme Court determined that a New York state law requiring a more tailored review of excessive damages over the federal "shocks the conscience" review was outcome determinative and applied under the *Erie* Doctrine. 518 U.S. at 429-31. The Court arrived at that conclusion after finding that, while the New York law included a procedural instruction, its objective was "manifestly substantive" in that by requiring more rigorous comparative evaluations, damages awarded under the New York law would differ substantially than those awarded under Federal review. This outcome would encourage forum shopping among plaintiffs in the hopes of securing larger verdicts in federal courts than those that would be tolerated in New York state courts. *Id.* Those concerns are not present here as a plaintiff cannot predict what a jury will do in deliberation to such a degree it would persuade the party to choose one forum over another. Further, neither party argues that the sum of damages awarded was excessive or otherwise unlawful. The only issue is with the manner in which the jury arrived at that sum—a distinctly procedural issue.

4

*of Congress*, the law to be applied in any case is the law of the State." *Erie*, 304 U.S. at 78 (emphasis added). Plaintiff argues that the jury acted improperly in determining the sum of damages to award in their verdict. To support her claim, Plaintiff seeks to secure and use juror affidavits describing the deliberation conduct. Fed. R. Evid. 606(b) prohibits that use of juror affidavit or testimony. Rule 606 was adopted by Congress in 1975 along with the rest of the Federal Rules of Evidence. *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855, 864 (2017). Congress specifically adopted the more restrictive language of Rule 606 to favor the finality of verdicts. *Id.* Thus, as an Act of Congress, Rule 606 applies to the present situation as a federal procedural law. *See also Correia v. Fitzgerald*, 354 F.3d 47, 53-54 (1st Cir. 2003) (applying federal procedural law to the granting or denial of a motion for a new trial in federal court); *Mattison v. Dallas Carrier Corp.*, 947 F.2d 95, 107 (4th Cir. 1991).

With the application of Fed. R. Evid. 606(b) and the subsequent prohibition of juror affidavits for purposes of attacking the verdict, Plaintiff is left without evidence to support her motion for a new trial. The Court must therefore deny the motion.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial (Doc. 107) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Permission to Contact Jurors to Obtain Affidavits on Issue of Quotient Verdict (Doc. 109) is **DENIED AS MOOT**.

The Clerk of Court is directed to notify parties of this order.

DATED this 26th day of April, 2022.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge