IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TANA SHIVELY, individually and as personal representative of the Estate of Owen Daniel Shively, | CV 20-120-BLG-SPW |
| Plaintiff, | ORDER |
| vs. | |
| CANYON CREEK MEMORY CARE COMMUNITY, LLC, | |
| Defendant. | |

Before the Court is Plaintiff Tana Shively's Motion for Award of Expenses of Depositions, filed April 15, 2022. (Doc. 118). Defendant Canyon Creek Memory Care Community, LLC responded in opposition to the motion on April 27, 2022. (Doc. 121). The motion is deemed fully briefed and ripe for adjudication. For the following reasons, the Court grants in part and denies in part Plaintiff's motion.

Plaintiff seeks to recover the costs of several depositions taken during the course of discovery. Plaintiff contends the expenses total $9,817.54. Relevant here, "[a] judge or clerk of any court of the United States may tax as costs the following: . . . (2) Fees for printed or electronically recorded transcripts necessarily obtained

for use in the case . . . ." 28 U.S.C.A. § 1920. Local Rule 54.1(b)(1)(A)[1] further provides that "[c]osts of depositions taken solely for discovery purposes and depositions of the moving party's witnesses who are withdrawn or precluded from testifying are not allowed." However, "[a]bsent an objection, the clerk will presume it was reasonably necessary for the moving party to obtain . . . transcripts of depositions and court proceedings used at trial, after trial, or in supporting or opposing a motion for summary judgment." L.R. 54.1(b)(1)(B)(ii).

Defendant objects to the majority of the costs requested and argues that, with the exception of Wendy Palato's first deposition, Plaintiff did not use any deposition during trial, post-trial, or to defend/support a motion for summary judgment. Plaintiff argues the Court should allow the costs because "the depositions in question would have been used at trial for the purpose of refreshing a witness' recollection or for impeachment." (Doc. 119 at 2). Plaintiff cites to two U.S. district court cases from the southern and northern districts of California to support her argument.

However, as Defendant points out, the local rules allowing costs in the California districts are not as restrictive as L.R. 54.1. As Judge Christensen determined in *Asarco LLC v. Atlantic Richfield Co.*, L.R. 54.1(b) prevents courts in

---

[1] The District of Montana recently adopted a revised version of the Local Rules, effective March 1, 2022. Plaintiff originally filed her motion for award of expenses on February 3, 2022. The Court determined that motion failed to follow local procedure and denied it with leave to re-file which Plaintiff did on April 15, 2022. Therefore, the unrevised version of the Local Rules applies to this motion.

the District of Montana from awarding expenses associated with deposition

transcripts and videos that were not used in trial, after trial, or in summary

judgment briefing. 2018 WL 11225131, *4 (D. Mont. Oct. 5, 2018). The Court

sees no reason to depart from Judge Christensen's reading of L.R. 54.1.

Neither party disputes that the only deposition transcript used at trial was

Wendy Palato's first deposition. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Award of Expenses (Doc.

118) is **GRANTED** as to the costs associated with Wendy Palato's first deposition,

totalling $1,529.05, and **DENIED** as to all other costs.

DATED this 20th day of May, 2022.

SUSAN P. WATTERS
United States District Judge

3